NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIAH SMITH,<br><br>   *Plaintiff*,<br><br>v.<br><br>DOUG LEVINE,<br><br>   *Defendant*. | Civil Action No. 22-6391<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  On October 31, 2022, Plaintiff filed a complaint without paying the filing fee, as required by 28 U.S.C. § 1914, or an application to proceed *in forma pauperis* ("IFP application"). D.E. 1. The Court advised Plaintiff, by letter dated November 1, 2022, that she must remit proper payment or submit an IFP application. The letter explained that if Plaintiff failed to take either step within twenty-one days, her complaint would be deemed withdrawn and the matter would be closed. D.E. 2. On November 30, 2022, Plaintiff's Complaint was deemed withdrawn and the matter was closed because the Court was not in receipt of an IFP application or Plaintiff's filing fee. D.E. 4.

  Plaintiff then filed a letter stating that she mailed the required document to the federal court in Trenton and included a copy of a certified mail receipt from October 27, 2022. D.E. 5. To date, however, this Court has not received an IFP application or any additional documents from Plaintiff. But even if the Court had, it appears that this Court lacks subject matter jurisdiction to hear Plaintiff's claims.

District courts must have subject matter jurisdiction to hear a case. 28 U.S.C. § 1441(a). To that end, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir. 1981)). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("Under this Court's continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding.").

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Federal question jurisdiction exists if the claims arise from a "right or immunity created by the Constitution or laws of the United States." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule. According to the rule, a claim "arises under" federal law if a federal question appears on the face of a well-pleaded complaint. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). Here, Plaintiff states that she is suing Academy Bus Company for injuries that she sustained while exiting a New Jersey Transit bus. Compl. at 7. Plaintiff appears to be asserting common law tort claims against Defendant. These are not federal claims. Therefore, federal question jurisdiction does not exist.

Instead, Plaintiff appears to plead that this Court has diversity jurisdiction over the matter. Compl. at 3-4. Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). In her Complaint, Plaintiff indicates that she is a New Jersey citizen. Compl. at 3. But Plaintiff does not provide information as to the citizenship of Academy Bus Lines. Thus, Plaintiff does not establish that she and Defendant are citizens of different states.[1] As a result, there does not appear to be diversity jurisdiction. Without subject matter jurisdiction, this Court cannot hear Plaintiff's claims.

Therefore, for good cause shown,

IT IS on this 15th day of December 2022,

**ORDERED** that this matter shall remain closed without prejudice to Plaintiff's right to assert her claims in an appropriate state court; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff via regular and certified mail, return receipt requested.

_____
John Michael Vazquez, U.S.D.J.

---

[1] The Court notes that Academy Bus Lines' corporate office is in Hoboken, New Jersey. Thus, while Plaintiff does not provide appropriate information to demonstrate complete diversity in her Complaint, the Court doubts that Plaintiff could ever establish that diversity jurisdiction exists. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (holding that a corporation is "considered a citizen of its State of incorporation" and "a citizen of the State where it has its principal place of business"); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (holding the same).